IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Roy Mayhan, | No. CIV 09-1647-PHX-PGR (DKD) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE PAUL G. ROSENBLATT, U.S. DISTRICT JUDGE:

Arthur Roy Mayhan filed a petition for writ of habeas corpus on July 22, 2009, challenging his conviction in Maricopa County Superior Court for aggravated taking the identity of another, and the imposition of an aggravated 14-year term of imprisonment. He raises four grounds for relief. Although it is unclear to the Court what grounds he is raising, it appears that he is asserting two arguments concerning the ineffective assistance of counsel, an argument that the trial court imposed an improper sentence, and a contention relating to the execution of a search warrant. Respondents contend that Mayhan's petition is untimely and in the alternative that his claims are unexhausted and procedurally defaulted. The Court agrees that the petition is untimely, and that Mayhan has not shown he is entitled to any statutory or equitable tolling. The Court therefore recommends that Mayhan's petition be denied and dismissed with prejudice.

Following the trial court's acceptance of Mayhan's guilty plea, and the imposition of sentence, Mayhan filed a Notice of Post-Conviction Relief on May 7, 2007 (Doc. #15, Exh

C). Counsel was appointed on May 16, 2007; on February 14, 2008, counsel filed a Notice of Completion of Review finding no colorable claims (*Id.*, Exh D, E). On February 20, 2008, the trial court gave Mayhan 45 days up to and including April 5 to file a pro per petition; he was warned that a failure to timely file his petition could result in dismissal (*Id.*, Exh F). On May 5, 2008, the trial court dismissed Mayhan's Rule 32 proceeding because Mayhan had failed to file a petition by the April 5 deadline (*Id.*, Exh G).

In July 2008, Mayhan filed with the Arizona Supreme Court a pleading entitled "Petition for Review" and one entitled "Motion to Quash Warrant." The pleadings were returned to Mayhan on August 11, 2008, with instructions to file them in the court of appeals (*Id.*, Exh H). On August 13, 2008, the supreme court received another pleading from Mayhan, asking about the status of his earlier pleadings; this was also returned to Mayhan, with an explanation for the court's rejection of the earlier documents (*Id.*, Exh I). During July 2008, Mayhan also mailed two pleadings entitled "Special Action" to the supreme court; both were dismissed by the supreme court, with instructions to Mayhan that "such claims should be presented to the superior court in compliance with Rule 32" (*Id.*, Exh J-L). Mayhan filed his federal petition on July 22, 2009.

Mayhan was required to file his federal petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(2). Assuming that Mayhan's post-conviction proceedings in superior court constituted a "properly filed application" for purposes of § 2244(d)(2), even though a petition

1 was never filed,[1] any tolling of the one-year period ended when the deadline for filing his
2 petition expired on April 6, 2008. Therefore, absent any further statutory tolling, he was
3 required to file his federal petition on April 6, 2009. The time period in July 2008 when he
4 was attempting to file pleadings in the supreme court did not further toll the limitations
5 period; the supreme court never filed the pleadings, rejecting them as not properly filed. His
6 petition, filed on July 22, 2009, was therefore untimely, absent any equitable tolling.

The Court concludes that Mayhan is not entitled to equitable tolling. He has not demonstrated the existence of any extraordinary circumstances which prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). Mayhan was informed by the superior court of his need to timely file a pro per petition in order to avoid dismissal of the Rule 32 proceeding. He does not contend that he misunderstood this requirement. He simply chose not to file a petition. In addition, he was again informed by the supreme court of his need to file his petition for review in the court of appeals; again he chose not to do so.

Following the time allowed by the Court for briefing, Mayhan filed a pleading entitled "Motion to Vacate Plea Agreement." See Doc. #22. Again, it is unclear what Mayhan is contending, but it appears that he is attempting to raise new issues without having received leave of the Court. For that reason, his motion will be denied.

**IT IS THEREFORE ORDERED denying** Arthur Roy Mayhan's Motion to Vacate Plea Agreement (Doc. #22).

---

[1] A state prisoner could file a Notice of Post-Conviction Relief simply to toll the limitations period, without ever filing a petition within the time period allowed by the state court. If an untimely petition for post-conviction relief does not toll the one-year limitations period, *Pace v. DiGuglielmo*, 544 U.S. 408, 412-415 (2005), an argument can be made that the failure to file any petition at all should also not toll the period. However, because of the Court's conclusion that the petition is untimely under either calculation, it need not reach the issue.

**IS FURTHER RECOMMENDED** that Arthur Roy Mayhan's petition for writ of habeas corpus be **denied** and **dismissed with prejudice** (Doc. #1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 19th day of March, 2010.

_____
David K. Duncan
United States Magistrate Judge