**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Roy Mayhan, | |
| Petitioner, | No. CV-09-1647-PHX-PGR |
| vs. | |
| Charles L. Ryan, et al., | ORDER |
| Respondents. | |

Petitioner Arthur Roy Mayhan is currently serving a 14-year sentence in the Arizona Department of Corrections as a result of pleading guilty to the felony crime of Aggravated Taking the Identity of Another with one historical prior felony conviction. The petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on August 10, 2009.[1] The Court entered its order of dismissal (Doc. 30) and judgment of dismissal (Doc. 31) on July 15, 2010, finding that the habeas petition was time-barred as it was filed after the expiration of the AEDPA's one-year statute of limitations. The petitioner did not file an appeal from that dismissal.

Pending before the Court is the petitioner's motion (Doc. 32) entitled

---

[1] The petitioner signed his habeas petition on July 22, 2009.

"Petitioner Request Review Consideration of Above Cases Respondents' Attorney, Assistant Attorney General Ms Amy Thorson Withheld Valuable Court Document Exh. Z, Cause Serious Physical Injury 28 U.S.C. § 1915(G)," filed December 27, 2011.  The petitioner asserts that the document, which allegedly was withheld from the Arizona Supreme Court during the petitioner's post-conviction relief efforts, shows that the AEDPA's limitations period has no application to his habeas petition, apparently on the ground that it establishes that he was never properly convicted and sentenced and is being illegally imprisoned.  The exhibit at issue, what the petitioner refers to as Exhibit Z, is a copy of the Maricopa County Superior Court's order of sentencing of the petitioner in case no. CR2006-162091-0001 DT, dated May 4, 2007, and filed with the superior court's clerk on May 10, 2007.[2]  Although it is not clear to the Court, the gist of the petitioner's contention seems to be that the absence of his fingerprint from the sentencing order violated A.R.S. §13-607 and that this state law violation renders his sentencing and imprisonment illegal.[3]  The petitioner asserts that had the

---

[2] The Court notes that this sentencing order is not some newly-found document as it was initially made a part of the Court's record in this action as Exhibit B (Doc. 15-1) to the respondents' Answer to Petition for Habeas Corpus, filed December 9, 2009.

[3] At the date the petitioner was sentenced, A.R.S. § 13-607(B) provided that in the case of a person convicted of a felony offense "[t]he court or a person appointed by the court shall at the time of sentencing and in open court permanently affix a fingerprint of the defendant to the document or order" and A.R.S. 13-607(C)(8) required the sentencing order to contain "[a] certification by the court or the clerk of the court that at the time of sentencing and in open court the defendant's fingerprint was permanently affixed to the document or order." The photocopies of the sentencing order provided as exhibits in this action do not contain either a fingerprint from the defendant or the certification by the court clerk.  The photocopies, however, are not certified copies from the Maricopa

Arizona Supreme Court seen the sentencing order without his fingerprint affixed to it that court would have accepted his petition for review.[4] The petitioner demands his immediate release from incarceration and damages of $318,200 for his illegal incarceration.

Since the petitioner does not state what procedural rule he is attempting to invoke to seek reconsideration of the dismissal of his federal habeas action, the Court will presume that he is proceeding under some subsection of Fed.R.Civ.P. 60(b)[5]. The invocation of Rule 60(b) is appropriate only to the extent that the petitioner may be arguing that the Court committed legal error in determining that

---

County Superior Court so the Court does not know what the original court record shows regarding the petitioner's sentencing order.

[4] In July and August, 2008, the petitioner submitted various post-conviction relief-related pleadings to the Arizona Supreme Court, including a petition for review, which were returned to him by the Arizona Supreme Court without being filed by that court with the explanation that the petitioner had to first file the documents with the appropriate lower state court.

[5] Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  (1) mistake, inadvertence, surprise, or excusable neglect;
  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
  (4) the judgment is void;
  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6) any other reason that justifies relief.

his habeas petition was not timely filed. Gonzalez v. Crosby, 545 U.S. 524, 532 n. 4, 125 S.Ct. 2641, 2548 n.4 (2005) (Supreme Court concluded that in a habeas action, a Rule 60(b) motion for relief from the judgment is not considered to be the equivalent of a second or successive habeas petition if the petitioner is asserting "that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.")  Assuming that is what he is arguing, the Court concludes that the petitioner has not established that he is entitled to any Rule 60(b) relief.

Before the Court can reach the merits of any Rule 60(b) issue, the petitioner must first meet the rule's requirement that such a motion be brought in a timely manner, Fed.R.Civ.P. 60(c)(1)[6]; Gonzalez, 545 U.S. at 535, 125 S.Ct. at 2649, and he has not made such a showing.  To the extent that the petitioner may be relying any of the first three subsections of Rule 60(b), all of which require that a motion seeking to vacate the judgment be filed no later than one year after entry of judgment, his motion for reconsideration is untimely because it was filed more than one and a half years after the judgment was entered. *See* Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir.1989) (A district court lacks jurisdiction to consider the merits of an untimely Rule 60(b) motion).

To the extent that the petitioner may be relying on Rule 60(b)(6), the catch-all provision, the motion is untimely because it was not brought within a reasonable time after the entry of the judgment and the petitioner has not

---

[6] Rule 60(c)(1) states: "A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or the date of the proceeding."

- 4 -

demonstrated that extraordinary circumstances prevented him from taking timely action to prevent or correct the judgment. Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir.2004); *see also,* Gonzalez v. Crosby, 545 U.S. at 535, 125 S.Ct. at 2649 (Supreme Court noted that the extraordinary circumstances justifying the reopening of a judgment under Rule 60(b)(6) "will rarely occur in the habeas context.")

Furthermore, even if the Court were to deem the petitioner's motion as being a timely filed Rule 60(b)(6) motion, and if it were to liberally construe the motion as arguing that the petitioner's habeas motion should now be resolved on its merits because it is not subject to the AEDPA's limitations period inasmuch as the petitioner is actually innocent of the crime for which he was convicted, the Court would still deny the motion. While the Ninth Circuit Court of Appeals determined for the first time subsequent to the judgment in this action that a credible claim of actual innocence constitutes an equitable exception to the AEDPA's limitations period and that a habeas petitioner who makes such a showing may pass through the gateway of Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995), and have his otherwise time-barred claims heard on their merits, the Supreme Court has determined that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239, 117 S.Ct. 1997, 2018 (1997). In any case, it is insufficient as a matter of law that the petitioner apparently believes that the lack of his fingerprint on his sentencing order in violation of a state procedural statute renders his sentencing and incarceration illegal since, for federal habeas purposes, "actual innocence means factual innocence, not mere legal inconsistency[,]" Bousley v. United States, 523 U.S.

614, 623, 118 S.Ct. 1604, 1611 (1998), and the petitioner has in no way demonstrated that he is factually innocent of the crime to which he pleaded guilty and for which his counsel provided a factual basis at his change of plea hearing held on March 13, 2007. *See* Schlup v. Delo, 513 U.S. at 327-28, 115 S.Ct. at 867-68 (In order to establish actual innocence, a federal habeas petitioner must demonstrate that in light of all of the evidence it is more likely than not that no reasonable juror would have convicted him.)

The Court further concludes that the petitioner is not entitled to a certificate of appealability, to the extent that one is necessary in order for the petitioner to appeal this Order, because he has not shown that jurists of reason would find it debatable whether the Rule 60(b) motion states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the Court is correct in its procedural ruling.  Therefore,

IT IS ORDERED that the petitioner's motion entitled "Petitioner Request Review Consideration of Above Cases Respondents' Attorney, Assistant Attorney General Ms Amy Thorson Withheld Valuable Court Document Exh. Z, Cause Serious Physical Injury 28 U.S.C. § 1915(G)" (Doc. 32) is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall be issued.

DATED this 17th day of January, 2012.

_____
Paul G. Rosenblatt
United States District Judge